```
 1
 2
 3
 4
 5
 6
 7
 8                       UNITED STATES DISTRICT COURT
 9                      CENTRAL DISTRICT OF CALIFORNIA
10
11  THERESA SHEA,                    )    NO. ED CV 12-86-E
                                     )
12            Plaintiff,             )
                                     )
13       v.                          )    MEMORANDUM OPINION
                                     )
14  MICHAEL J. ASTRUE, COMMISSIONER  )    AND ORDER OF REMAND
    OF SOCIAL SECURITY,              )
15                                   )
                                     )
16            Defendant.             )
                                     )
17  _____)
18
19       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
20  HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
21  judgment are denied and this matter is remanded for further
22  administrative action consistent with this Opinion.
23
24                              PROCEEDINGS
25
26       Plaintiff filed a complaint on January 26, 2012, seeking review
27  of the Commissioner's denial of disability benefits.  The parties
28  filed a consent to proceed before a United States Magistrate Judge on
```

February 14, 2012.  Plaintiff filed a motion for summary judgment on June 28, 2012.  Defendant filed a cross-motion for summary judgment on July 27, 2012.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Order," filed January 31, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former housekeeper, asserts disability since January 1, 2008, based on a combination of alleged impairments (Administrative Record ("A.R.") 10-317).  The Administrative Law Judge ("ALJ") determined that Plaintiff suffers from "the following severe impairments: bipolar disorder, anxiety, and vertigo" (A.R. 12).  The ALJ also determined that Plaintiff has "moderate difficulties" regarding "concentration, persistence or pace" (A.R. 14).

Dr. Linda M. Smith, an examining psychiatrist, opined that Plaintiff is "mildly impaired" in her ability to "interact appropriately with supervisors, co-workers, or the public," "comply with job rules such as safety and attendance," "respond to change in the normal workplace setting," and "maintain persistence and pace in a normal workplace setting" (A.R. 246).  Dr. Smith believed Plaintiff "is mildly impaired overall, closer to the moderate end of the mild range" (id.).

The ALJ found that Plaintiff retains the residual functional capacity to work "at all exertional levels but with the following non-exertional limitations: no working at heights; no operating dangerous

machinery or motor vehicles; <u>and limited to simple, repetitive tasks with no public contact</u>" (A.R. 14) (emphasis added). The ALJ posed to a vocational expert a hypothetical question embodying this residual functional capacity (A.R. 49). The hypothetical did not mention specifically any mild or moderate limitations in "concentration, persistence or pace," "ability to interact appropriately with supervisors, co-workers, or the public," "ability to comply with job rules such as safety and attendance," or "ability to respond to change in normal workplace setting" (A.R. 49). The vocational expert testified that a person having the limitations assumed in the hypothetical could perform Plaintiff's past relevant work as a housekeeper (A.R. 49-50). The ALJ relied on this testimony in finding Plaintiff not disabled (A.R. 19). The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

   Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See <u>Carmickle v. Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1067 (9th Cir. 2006).
///
///

**DISCUSSION**

Plaintiff contends, <u>inter alia</u>, that the ALJ implicitly rejected Dr. Smith's opinions regarding Plaintiff's limitations without stating sufficient reasons for doing so. Plaintiff suggests that the hypothetical question posed to the vocational expert should have included the limitations Dr. Smith found to exist. Defendant contends that the ALJ accepted all of the limitations Dr. Smith found to exist, and that the ALJ accounted for all of these limitations in the residual functional capacity's restriction to "simple, repetitive tasks with no public contact."

The extent to which the ALJ rejected or accepted Dr. Smith's opinions is unclear. The ALJ's decision states:

> In determining the claimant's mental residual functional capacity, the undersigned has given significant weight, but not controlling weight, to the opinions of the psychiatric consultative examiner [Dr. Smith], and the State agency review psychiatrists on initial review and on reconsideration. These opinions are all reasonable and supported by the evidence as a whole. No single assessment has been completely adopted as the residual functional capacity determined herein. In order to give the claimant the benefit of the doubt, the undersigned has adopted some slightly more restrictive mental limitations on a function-by-function basis that are supported by the evidence as a whole (A.R. 18).

4

The ALJ evidently found Plaintiff <u>more limited</u> than did Dr. Smith ("moderately" rather than "mildly") with respect to concentration, persistence or pace. Apart from this observation, the Court assumes, <u>arguendo</u>, the correctness of Defendant's contention that the ALJ accepted the accuracy of Dr. Smith's opinions regarding Plaintiff's limitations.

The ALJ was required to include in the hypothetical question posed to the vocational expert all of the limitations the ALJ found to exist, including but not limited to the moderate limitation on concentration, persistence or pace. Where a hypothetical question fails to "set out all of the claimant's impairments," the vocational expert's answers to the question cannot constitute substantial evidence to support the ALJ's decision. <u>See, e.g.</u>, <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 850 (9th Cir. 1991); <u>Gamer v. Secretary</u>, 815 F.2d 1275, 1280 (9th Cir. 1987); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1456 (9th Cir. 1984); <u>see also</u> Social Security Ruling 96-8p (in assessing residual functional capacity, the ALJ must consider all limitations imposed by all impairments, <u>even non-severe impairments</u>; "the limitations due to such a 'not severe' single impairment may prevent an individual from performing past relevant work . . ."); 20 C.F.R. § 404.1545(e) ("we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity"); <u>accord</u> <u>Carmickle v. Commissioner</u>, 533 F.3d at 1164. The ALJ thus appears to have erred by failing to include all of Plaintiff's limitations in the hypothetical question.
///
///

In attempting to avoid this conclusion, Defendant argues that inclusion in the hypothetical question of the restriction to "simple, repetitive tasks with no public contact" amply accounted for all of the above-discussed mental limitations. In making this argument, Defendant relies on Stubbbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008) ("Stubbs"). In Stubbs, the Ninth Circuit rejected the claimant's contention that a restriction to "simple, routine, repetitive sedentary work, requiring no interaction with the public" failed to capture certain moderate and mild mental limitations identified by a Dr. McCollum and a Dr. Eather. Id. at 1173-74. The Stubbs Court observed:

> Dr. McCollum did not assess whether [the claimant] could perform unskilled work on a sustained basis. Dr. Eather's report did. Dr. Eather's report, which also identified "a slow pace, both in thinking & actions" and several moderate limitations in other mental areas, ultimately concluded [the claimant] retained the ability to "carry out simple tasks. . ."
>
> The ALJ translated [the claimant's] condition, including the pace and mental limitations, into the only concrete restrictions available to him – Dr. Eather's recommended restriction to "simple tasks" . . . [A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony. Id.

The present case is distinguishable from Stubbs.  In the present case, unlike Stubbs, no doctor opined Plaintiff retains the ability to "carry out simple tasks" notwithstanding the doctor's imposition of mild/moderate limitations in various mental areas.  Therefore, in the present case, unlike Stubbs, the ALJ had no medical basis to conclude that the restriction to simple, repetitive tasks with no public contact accounted for all of the mental limitations the ALJ and the medical experts found to exist.  Courts, including the Ninth Circuit itself, have recognized that Stubbs does not control where the medical evidence fails to establish that the claimant can perform simple work notwithstanding moderate/mild limitations in mental functioning.  See Brink v. Commissioner, 343 Fed. App'x 211, 212 (9th Cir. Aug. 18, 2009); Feltis v. Astrue, 2012 WL 2684994, at *4 (E.D. Cal. July 6, 2012); Lim v. Astrue, 2011 WL 3813100, at *7 (E.D. Cal. Aug. 29, 2011); Bentancourt v. Astrue, 2010 WL 4916604, at *3 (C.D. Cal. Nov. 27, 2010).

In view of these authorities, this Court is unable to conclude that a restriction to "simple, repetitive tasks with no public contact" amply accounts for the moderate/mild limitations the ALJ evidently found to exist.  The ALJ erred in relying on vocational expert testimony given in response to an incomplete hypothetical question.

The Court is also unable to conclude that the error was harmless. "[A]n ALJ's error is harmless where it is inconsequential to the ultimate non-disability determination." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted).  "[W]e

7

must analyze harmlessness in light of the circumstances of the case." Id. at 1121 (citations and quotations omitted).[1]

> [D]espite the burden to show prejudice being on the party claiming error by the administrative agency, the reviewing court can determine from the circumstances of the case that further administrative review is needed to determine whether there was prejudice from the error. Mere probability is not enough. But where the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether re-consideration is necessary. By contrast, where harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate.

McCleod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011).

Significant uncertainty sometimes attends the application of this harmless error standard. For example, where the circumstances of the case do not appear to render harmlessness "clear" but also do not appear to render the "likelihood of prejudice" "substantial," the result of applying the standard seems particularly uncertain.

///

---

[1] Plaintiff cites and relies on the harmless error standard set forth in Stout v. Commissioner, 454 F.3d 1050 (9th Cir. 2006) ("Stout"). Not only is the Stout standard expressly applicable only to errors in connection with lay witness evidence, the Stout standard has been limited, or read narrowly, by subsequent Ninth Circuit authorities. See Molina v. Astrue, 674 F.3d at 115-22.

8

1    The harmlessness of the error in the present case is not "clear,"
2 and perhaps is a "borderline question."  On very similar if not
3 substantively identical facts, the Ninth Circuit and several district
4 courts have refused to find the error harmless.  See, e.g., Brink v.
5 Commissioner, 343 Fed. App'x at 211; Feltis v. Astrue, 2012 WL
6 2684994; Lim v. Astrue, 2011 WL 3813100; Bentancourt v. Astrue, 2010
7 WL 4916604.  This Court will follow suit.[2]

8

9    The appropriate remedy in the present case is a remand for
10 further administrative proceedings, rather than a reversal with a
11 directive for the payment of immediate benefits.  See INS v. Ventura,
12 537 U.S. 12, 16 (2002) (upon reversal of an administrative
13 determination, the proper course is remand for additional agency
14 investigation or explanation, except in rare circumstances).
15 ///
16 ///
17 ///
18 ///
19 ///

---

[2] It might be argued that the incomplete hypothetical question to the vocational expert was harmless because an ALJ need not always consult a vocational expert to find that a claimant can perform the claimant's past relevant work.  See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Miller v. Heckler, 770 F.2d 845, 850 (9th Cir. 1985).  Absent the vocational expert's testimony in the present case, however, the record lacks substantial evidence that a person with Plaintiff's limitations can perform Plaintiff's past relevant work.  See Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir. 1988) (administration may not speculate concerning the requirements of particular jobs).  Moreover, the ALJ expressly relied on the vocational expert's testimony in concluding that Plaintiff could perform her past relevant work.

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 10, 2012.

```
              _____/S/_____
                       CHARLES F. EICK
                 UNITED STATES MAGISTRATE JUDGE
```

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.